UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA RODRIGUEZ,

Plaintiff,

v.  Case No.: 8:14-cv-618-T-24-TBM

MYRMIDONES LLC d/b/a MAMA'S KITCHEN
III and ACHILLEAS GKARAVELIS,

Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Myrmidones LLC d/b/a Mama's Kitchen III ("Myrmidones") and Achilleas Gkaravelis' Motion to Dismiss Plaintiff's Complaint (Dkt. 5), which Plaintiff Victoria Rodriguez opposes (Dkt. 6).

**I.   BACKGROUND**

On February 6, 2014, Plaintiff Victoria Rodriguez filed a three-count complaint in state court alleging overtime and minimum wage claims against her former employer, Defendant Myrmidones, and its owner, Defendant Achilleas Gkaravelis: violation of the Fair Labor Standards Act's ("FLSA") overtime compensation provisions (Count I); violation of the FLSA's minimum wage provisions (Count II); and violation of the Florida Minimum Wage Act's minimum wage provisions (Count III). Plaintiff alleges that she worked for Defendants from October 2009 to December 2013 and was paid on an hourly basis. (*Id*. ¶¶ 16-17.) Plaintiff asserts that her actual wages were below minimum wage, and that she worked more than 40 hours per week but was prevented from reporting all of her overtime hours. (*Id*. ¶¶ 20, 24.)

On March 12, 2014, Defendants removed the action to this Court (Dkt. 1), and filed an answer to the complaint on March 19, 2014 (Dkt. 4). On April 11, 2014, Defendants filed the instant motion to dismiss, relying on Federal Rule of Civil Procedure 12(b)(1) to challenge the Court's subject matter jurisdiction. (Dkt. 5).

## II. LEGAL STANDARD

Rule 12(b)(1) challenges to a court's subject matter jurisdiction come in two forms: facial attacks or factual attacks:

> "Facial attacks" on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. "Factual attacks," on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.

*Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (internal alteration, quotation marks, and citations omitted). Given its reliance on an affidavit to establish the pertinent facts, Defendants' motion to dismiss factually challenges the Court's subject matter jurisdiction. *Id*.

When considering a factual jurisdictional attack, "a trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th 'Cir. 2008) (internal quotation marks omitted). However, "a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997). If so, "the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).

## III. DISCUSSION

Defendants' lone argument in support of dismissal is that the Court lacks subject matter jurisdiction over Plaintiff's FLSA claims because Plaintiff is not qualified for FLSA coverage. (Dkt. 5).[1] The FLSA's overtime and minimum wage provisions only apply to "employees . . . engaged in commerce or in the production of goods for commerce" (individual coverage) or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). 29 U.S.C. § 206(a), §§ 207(a)(1). Defendants contend that FLSA coverage is a jurisdictional prerequisite to bringing FLSA claims, and that Plaintiff does not qualify for either individual or enterprise coverage. The Court first addresses Defendants' jurisdictional challenge under Rule 12(b)(1) before turning to whether dismissal may be proper under Rule 12(b)(6) or Rule 56.

### A. Rule 12(b)(1): Lack of Subject Matter Jurisdiction

Defendants' jurisdictional argument is unavailing in light of the United States Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). In *Arbaugh,* a plaintiff brought an employment discrimination suit pursuant to Title VII of the Civil Rights Act of 1964, which only applies to employers with 15 or more employees. *Id.* at 503. The Supreme Court considered "whether the numerical qualification contained in Title VII's definition of 'employer' affects federal-court subject-matter jurisdiction or, instead, delineates a substantive ingredient of a Title VII claim for relief." *Id*. The Supreme Court explained that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as

---

[1] Under the Florida Minimum Wage Act, "[o]nly those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act and its implementing regulations shall be eligible to receive the state minimum wage." Fla. Stat. § 448.110(3). Thus, Defendants' argument regarding the lack of FLSA coverage also forecloses her state law claim.

nonjurisdictional in character." *Id.* at 516. Thus, Title VII's numerosity requirement was not a prerequisite to subject matter jurisdiction; rather, it was an element of the Title VII claim. *Id.*

Courts have subsequently applied the reasoning of *Arbaugh* to find that an employee's FLSA coverage is an element of, not a jurisdictional prerequisite to, the employee's FLSA claim. *See Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *1 n.2 (M.D. Fla. Mar. 24, 2008).[2] Specifically, "the FLSA's description of an employee and an enterprise covered by the statute prescribes the elements necessary to state a claim for relief under the FLSA, not the prerequisites to federal jurisdiction." *Id.*

Although the Eleventh Circuit has yet to address *Arbaugh*'s applicability to determining whether FLSA coverage is jurisdictional, the Court is persuaded by the reasoning of the courts that have found otherwise.[3] Thus, the Court finds that Plaintiff's FLSA coverage status is not a jurisdictional prerequisite to her FLSA claims.

### B. Dismissal under Rule 12(b)(6) or Rule 56

When a Rule 12(b)(1) motion to dismiss for lack of jurisdiction in actuality raises a substantive challenge to a plaintiff's claim, courts ordinarily consider the motion under Rule 12(b)(6) for failure to state a claim:

> Where the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.

---

[2] *See also, e.g. Lopez-Santiago v. Coconut Thai Grill*, 2014 WL 840052, at *3 (N.D. Tex. Mar. 4, 2014); *Hernandez v. Art Deco Supermarket*, 2013 WL 5532828 (S.D. Fla. Oct. 4, 2013); *Malloy v. Ass'n of State & Territorial Solid Waste Mgmt. Officials*, 955 F. Supp. 2d 50, 53 (D.D.C. 2013); *Obando v. M & E Inv. Properties, Inc.*, 2011 WL 4387238, at *4 n.2 (S.D. Fla. Sept. 20, 2011).

[3] In *Turcios v. Delicias Hispanas Corp.*, the Eleventh Circuit recognized that one federal circuit had found that FLSA coverage was not jurisdictional but declined to address the issue. 275 F. App'x 879, 882 n.5 (11th Cir. 2008).

*Williamson*, 645 F.2d at 415; *see also Garcia*, 104 F.3d at 1267 (11th Cir. 1997) (finding that when a jurisdictional challenge is an element of a claim, "[t]he proper procedure . . . [is] to utilize the standards associated with a 12(b)(6) motion or Rule 56 motion for summary judgment").

However, the Eleventh Circuit has since found that the question of a plaintiff's FLSA coverage should be resolved under Rule 56's summary judgment standard. *Turcios v. Delicias Hispanas Corp.*, 275 F. App'x 879, 880 (11th Cir. 2008); *see also Naeyaert v. E. Coast Pulmonary & Critical Care Assocs., Inc.*, 2010 WL 3942906, at **1-2 (M.D. Fla. Oct. 5, 2010). Additionally, Defendants filed an answer prior to filing their motion to dismiss, and "[o]nce the answer was filed, the pleadings were closed, and a Rule 12(b)(6) motion to dismiss, which did not go to the jurisdiction of the court, was inappropriate." *Filo Am., Inc. v. Olhoss Trading Co., L.L.C.*, 321 F. Supp. 2d 1266, 1267 (M.D. Ala. 2004). Thus, the Court will not review Defendants' motion under the Rule 12(b)(6) standard.

Next, Defendants briefly invite the Court to convert their motion to dismiss into a motion for summary judgment. (Dkt. 5 at 5). While the Court may convert a motion to dismiss to a motion for summary judgment and consider matters submitted outside the pleadings, the decision to do so is within the Court's discretion." *Dawkins v. Picolata Produce Farms, Inc.*, 2005 WL 3054054, at *2 (M.D. Fla. Nov. 15, 2005). At this extremely early stage of the proceedings, the Court declines to do so. *Id.* at *2; *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989) ("As a general rule summary judgment should not be granted until the party opposing the motion has had an adequate opportunity to conduct discovery.); *see also Naeyaert*, 2010 WL 3942906, at ** 1-3 (denying the defendants' request to consider their Rule 12(b)(1) motion for lack of FLSA coverage under Rule 56 as premature).

## IV.  CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiff's Complaint (Dkt. 5) is **DENIED** to the extent Defendants seek dismissal under Rule 12(b), and **DENIED WITHOUT PREJUDICE t**o the extent Defendants seek entry of summary judgment under Rule 56**.**  Pursuant to Rule 12(a)(4)(A), Defendants are instructed to file a responsive pleading to the complaint by **May 19, 2014**.

**DONE AND ORDERED** at Tampa, Florida, this 5th of May, 2014**.**

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record